```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------X
UNITED STATES OF AMERICA,     :
                                        04 Cr. 1253 (JFK)
        -against-             :
                                        OPINION and ORDER
RONALD FANTA,                 :

                Defendant.    :
-----------------------------X
```

APPEARANCES:

>    For the United States of America:
>        MICHAEL J. GARCIA
>        United States Attorney for the
>        Southern District of New York
>        New York, New York
>        Of Counsel: Christopher Garcia
>                    Assistant United
>                    States Attorney
>
>    For the Defendant:
>        B. Alan Seidler, Esq.
>        New York, New York

**JOHN F. KEENAN, United States District Judge**

**JOHN F. KEENAN, UNITED States District Judge:**

### Background

Defendant, an admittedly disbarred New York lawyer, stands indicted on two counts for allegedly making "false, fictitious and fraudulent statements" relative to his standing as a lawyer. These statements allegedly were in forms submitted to the United States Labor Department and to the United States Department of Immigration and Naturalization Service (18 U.S.C. § 1001(a)(2)). He now moves that I recuse myself, pursuant to 28 U.S.C. § 455(a).

### Discussion

At a pretrial conference held on October 17, 2005, there was colloquy amongst the Court, the prosecutor and counsel for the defendant concerning a motion that defense counsel wanted to make and the availability of documents from the Disciplinary Committee and the Appellate Division. During the discussion, the Court pointed out:

> Before I came on the bench, I was on the policy committee of the disciplinary committee which I think is now called the executive committee of the disciplinary committee in the First Department. And before that I was a member of a panel on the disciplinary committee. And I heard cases brought by

the disciplinary committee against
lawyers. Now, I'm not aware of any like
body in the First Department other than
the disciplinary committee.

In paragraph three of defendant's undated affidavit in support of the motion it is urged, as one of the grounds for recusal, that my service on the Disciplinary Committee prevents me from presiding over the case. Defendant states at paragraph five of this affidavit that he "was disbarred by the New York State Supreme Court, Appellate Division First Department in 1998."

The second ground for recusal urged is in paragraph four of the Fanta affidavit. It reads as follows:

> To the best of my recollection Judge
> Keenan also stated that his ears would
> turn red if he learned that a disbarred
> New York State attorney practiced law in
> the District Court before him without
> disclosing that said attorney was
> previously disbarred in the State of
> that attorney's admission.

In fact, the colloquy at the October 17, 2005 pretrial conference at Tr. 16 reads as follows:

> THE COURT: I'll tell you, Mr. Seidler,
> if someone came in here and stood where
> you're standing or where Mr. Garcia were
> standing and they were disbarred in the
> First Department and they didn't tell

-3-

> me, their ears would be pretty red when
> I found out.
>
> MR. SEIDLER: But, your Honor, that's
> really not -- respectfully, the issue
> here is criminal penalty. Not -- and if
> they came in and they filled out a
> notice of appearance and they didn't
> make that representation, I can
> understand your Honor's making their
> ears red, but what we're dealing with
> here is an indictment for failure to do
> what, that's the issue at this point.

Title 28 § 455(a) of the United States Code mandates a Federal Judge "to disqualify himself in any proceeding in which his impartiality may reasonably be questioned." The key case on the subject is <u>Liteky v. United States</u>, 510 U.S. 544 (1994), wherein Justice Scalia, in delivering the opinion of the Court, recounted the history of recusal and the method by which the test is to be applied. Also enlightening on the subject is the decision of the late Chief Judge Caffrey of the District of Massachusetts and the cases cited therein in <u>Honneus v. United States</u>, 425 F. Supp. 164 (1977).

As to the fact that I was a member of the Disciplinary Committee, the motion is absurd. Members of the Disciplinary Committee serve in a quasi-judicial capacity. They pass upon allegations of misconduct

against lawyers and do not serve as advocates. They do not bring the charges, and they do not prosecute them.

But, even if Disciplinary Committee members brought the charges, this would be no grounds for recusal. Former federal prosecutors often preside over trials, as Federal Judges, in districts where they have served as United States Attorney or as an Assistant United States Attorney. That has been the situation in the Southern District of New York for decades, and the suggestion that a former prosecutor would not reasonably appear to be impartial is ridiculous. Former membership on the Disciplinary Committee is no ground for recusal.

As to the second point, the fact is that I would expect a lawyer, who was disbarred in the State, to tell me this was so if he appeared before me in Federal Court. The fact that I might "turn his ears red" by embarrassing him if this came to my attention, and he had not told me, is not grounds to suggest that I cannot be fair in the case of Mr. Fanta. There is nothing in <u>Liteky</u> or in <u>United States v. Bayless</u>, 201 F.3d 116 (2d Cir. 2000), requiring my recusal.

As Justice Scalia wrote in <u>Liteky</u>, pages 556-557:

> ". . . judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. . . . *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration -- even a stern and short-tempered judge's ordinary efforts at courtroom administration -- remain immune." (emphasis in original).

This motion is denied in all respects.

**SO ORDERED.**

Dated: New York, New York
    December 13, 2005

*[signature]*

**JOHN F. KEENAN**
**United States District Judge**