```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
UNITED STATES OF AMERICA,       :
                                      04 Cr. 1253 (JFK)
        -against-               :
                                      OPINION and ORDER
RONALD H. FANTA,                :
a/k/a "Herbert Ganta,"
                                :
            Defendant.
-------------------------------X
```

APPEARANCES:

>        For the United States of America:
>            MICHAEL J. GARCIA
>            United states Attorney for the
>            Southern District of New York
>            New York, New York
>            Of Counsel: Christopher Garcia
>                        Assistant United
>                        States Attorney
>
>        For the Defendant:
>            B. Alan Seidler, Esq.
>            New York, New York

**JOHN F. KEENAN, United States District Judge**

**JOHN F. KEENAN, United States District Judge:**

<u>**Background**</u>

Defendant Ronald H. Fanta, a/k/a "Herbert Ganta," moves under Federal Rule of Criminal Procedure ("F.R.Cr.P.") 12 to dismiss the indictment against him. The Government opposes the motion.

On or about May 21, 2004, the defendant was charged in a criminal complaint ("the Complaint") with making false statements in violation of Title 18, United States Code, Section 1001(a)(2). The defendant was charged with filing attorney notices of appearance with the Department of Labor ("DOL") and the Immigration and Naturalization Service ("INS") (now the Bureau of Immigration and Customs Enforcement ("BICE")) that included false statements concerning his status as an attorney. The notices of appearance forms asked Fanta whether he was "a member in good standing" of the bar of the United States Supreme Court or of the highest court of a "State, territory, insular possession, or District of Columbia" and provided a space for Fanta to identify the bar of which he was a member in good standing. Fanta allegedly completed hundreds of these forms stating that he was a member of the bar of "the U.S. Board of Immigration Appeals."

There is no "bar" affiliated with the United States Board of Immigration Appeals ("USBIA") and defendant has never appeared before it. (Compl. ¶ 5). The forms also asked the defendant to certify that he was "not under a court order or administrative agency order suspending, enjoining, restraining, disbarring, or otherwise restricting [him] in practicing law." The Complaint also alleges Fanta filed hundred of these notices after he was barred from the practice of law in the State of New York in 1998. He allegedly signed many of the notices under the alias "Herbert Ganta." Fanta had been disbarred in New York on June 4, 1998 and was not reinstated.

On or about November 24, 2004, a Southern District of New York Grand Jury returned a two-count indictment ("Indictment") against the defendant charging him with making false statements in violation of Title 18, United States Code, Section 1001(a)(2). The alleged misstatements were the same as those alleged in the Complaint.

**Discussion**

The defense urges dismissal of the indictment on the ground that some of the statements alleged to be false in the Indictment were not, in fact, false. The essential argument is that defendant's actions do not constitute crimes by raising a dispute about facts to be proven at trial. This is not the stuff of which F.R.Cr.P. 12 dismissals are made.

F.R.Cr.P. 7(c) sets forth the "notice" pleading standards that apply to indictments. Rule 7(c)(1) states that an indictment contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged...." "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." United States v. Alfonso, 143 F.3d 772, 776 (2d Cir. 1998) (quoting Hamling v. United States, 418 U.S. 87, 117 (1974)). Put in other words, the Second Circuit has held that an indictment must "charge[] a crime with sufficient precision to inform the defendant of the charges he must meet and with enough detail that

he may plead double jeopardy in a future prosecution based on the same set of events." United States v. Stavroulakis, 952 F.2d 686, 693 (2d Cir. 1992). "[A]n indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." Id. (internal quotation marks omitted); accord United States v. LaSpina, 299 F.3d 165, 177 (2d Cir. 2002); United States v. Eichman, 756 F. Supp. 143, 145-46 (S.D.N.Y. 1991).

Defendant does not maintain that the Indictment fails to meet these basic pleading requirements. The Indictment here accurately sets forth the elements of the offenses charged and the approximate time and place that they occurred. Defendant has been provided enough detail to allow him to prepare a defense and to invoke the protection of the Double Jeopardy Clause of the Fifth Amendment against any subsequent prosecution for the same offenses. The Indictment tracks the statute and is valid on its face.

A pretrial motion to dismiss an indictment under F.R.Cr.P. 12 is not a permissible vehicle for addressing the sufficiency of the Government's

evidence. See United States v. Knox, 396 U.S. 77, 83 n.7, 90 S.Ct. 363, 24 L.Ed.2d 275 (1969).

Cases upon which the defendant principally relies are not to the contrary. Both United States v. Bronston, 409 U.S. 352 (1973) and United States v. Mandanici, 729 F.2d 914 (2d Cir. 1984), were decisions reviewing *post-conviction* applications for dismissal. United States v Good, 326 F.3d 589 (4th Cir. 2003) is not the law of this Circuit.

Even if Good was the law and defendant's motion was proper, there appears to be insufficient factual basis for dismissal of the indictment. Defendant argues that his entries on the notices of appearance that he was a member in good standing of the bar of the United States Board of Immigration Appeals, were literally true and, therefore, he cannot be convicted of violating Section 1001(a)(2). The Government maintains that this statement was, in fact, false.

The Government argues that defendant's assertion that he was truly a member of the bar of the United States Board of Immigration Appeals takes into account only half of the misstatements the defendant is

charged in the Indictment to have made.  He allegedly also represented that he was "not under a court or administrative order suspending, enjoining, restraining, disbarring, or otherwise restricting [him] in the practice of law."  That statement is false because of his New York disbarment and there is no effort in this motion to explain it away the Government points out.

The defense position also ignores that in the notices of appearance, he represented that he was "not under a court or administrative agency order suspending, enjoining, restraining, disbarring, or otherwise restricting [him] in the practice of law."  The defendant maintains that he was not barred from practicing law before the Board of Immigration Appeals at the time he filed the notices of appearance forms but, because the forms inquire about orders restricting his practice of law issued by other authorities, his argument fails.

The Government argues with some persuasiveness that he knew he was making misstatements, and that he knew he had no business practicing law before

the DOL and INS/BICE, because he signed many of the notices of appearance under alias "Herbert Ganta."

The defendant's motion to dismiss the Indictment is denied. It is really an attempt to challenge the sufficiency of the Government's proof. This is not appropriate at this stage of the proceedings. In any event, the defendant has failed to make an adequate factual showing to support such a dismissal.

**SO ORDERED.**

Dated: New York, New York
       December **15**, 2005

                                         */s/ John F. Keenan*
                                **JOHN F. KEENAN**
                       **United States District Judge**